MELL BAUHARD *et al. v.* J. M. TRULUCK.

(*Knoxville.* September Term, 1911.)

1. **APPEALS.** In chancellor's discretion is the only mode of review of interlocutory decrees preparing cause for final hearing.

Under the statute (Acts 1903, ch. 248), authorizing chancellors, by consent of parties, to hear and determine, at chambers, certain matters relating to the preparation of cases for final hearing, and providing that chancellors may, in their discretion, allow appeals from such interlocutory decrees when pronounced as if the same were done at a regular term of the court, with certain limitations, the proceedings for the review of decrees so pronounced are limited to appeals in the discretion of the chancellor.

Acts cited and construed: Acts 1903, ch. 248.

Case cited and approved: Lindsay v. Allen, 112 Tenn., 637.

2. **SAME.** Final decrees pronounced and entered at chambers are reviewable upon writ of error as decrees of court in regular session.

Under the statute (Acts 1903, ch. 248, as amended by Acts 1905, ch. 427), authorizing chancellors, by consent of the parties, to hear and determine causes, upon the merits, at chambers, and to pronounce final decrees therein, and containing no limitation upon proceedings to review such decrees, final decrees so pronounced and entered at chambers are reviewable upon writ of error, and by all proceedings in error available to the losing party in causes finally determined by the court in regular session.

Acts cited and construed: Acts 1903, ch. 248; Acts 1905, ch. 427.

Case cited, distinguished, and approved: Lindsay v. Allen, 112 Tenn., 637.

Bauhard v. Truluck.

FROM GRAINGER.

Writ of error to the Chancery Court of Grainger County.—H. G. KYLE, Chancellor.

SHIELDS, CATES & MOUNTCASTLE and W. L. BASS, for complainants.

E. R. TAYLOR and W. N. HICKEY, for defendant.

MR. CHIEF JUSTICE SHIELDS delivered the opinion of the Court.

This cause is before the court upon motion made by the complainants to dismiss a writ of error sued out by the defendant to the chancery court of Grainger county for the purpose of having reviewed and reversed a final decree pronounced by the chancellor at chambers, under the provisions of chapter 248, Acts of 1903, as amended by chapter 427, Acts of 1905. The contention of complainants is that a decree so pronounced can only be reviewed by appeal, and *Lindsay* v. *Allen,* 112 Tenn., 637, 82 S. W., 171, is relied upon to support this contention.

The original act (chapter 248, Acts of 1903) authorizes the chancellor, by consent of parties, to hear and determine certain matters relating to the preparation of

a case for final hearing at chambers, and provides that the chancellor in his discretion may allow an appeal from an interlocutory decree then pronounced as if the same was done at a regular term of the court, with certain limitations.

The case of *Lindsay* v. *Allen* construed the act of 1903 to limit proceedings for review of decrees pronounced under it to appeals, in the discretion of the chancellor. Such is the language of the act, and that construction is adhered to.

The act of 1905 authorizes the chancellor, by consent of parties, to hear and determine causes upon the merits at chambers and pronounce final decrees therein. It contains no limitations upon proceedings to review such decrees. Therefore all proceedings in error open to the losing party in causes finally determined by the court in regular session are available, where final decrees are entered at chambers, under this act. The reasons for the limitation contained in the first act, and for holding it inapplicable to the amendment, are obvious. The motion is disallowed.